UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

CHARLES SALDARRIAGA,

       Plaintiff,                         CASE NO.: 1:20-CV-3529 (RPK)(JRC)

v.

ANN COFFIN, sued in her official
capacity as the Florida Child Support
Enforcement Program Director,

       Defendant,

_____/

## MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

# TABLE OF CONTENTS

**Page**

Introduction and Background …………………………………………………….. 1

Argument……………………………………………………………………….. 1

I. Defendant is Entitled to Eleventh Amendment Immunity…………..……………..………… 2

II. Plaintiff Lacks Standing…………………………………….…….…..………………… 6

III. The Rooker-Feldman Doctrine Prohibits Plaintiff's Claims……..……..……………….… 8

IV. The Younger Abstention Doctrine Prevents Plaintiff's Claims…………….…..……… 10

V. This Court Lacks Personal Jurisdiction Over Defendant………………..……………… 12

    A. New York's Long-Arm Statute…..……………….……………………… 12

    B. Due Process Clause of the U.S. Constitution…..……………..……………… 13

        1. Minimum Contacts……..……………….…….…..……………… 14

        2. Reasonableness…………………………….……………………….. 15

VI. This Court Lacks Subject Matter Jurisdiction………….………………………… 16

VII. The Complaint Fails to State a Claim Upon Which Relief Can be Granted……..…… 18

    A. Plaintiff Fails to State a Cause of Action Under 42 U.S.C. § 1983….………….. 19

    B. Plaintiff Fails to State a Cause of Action for Violation of Procedural
       Due Process……………………………..…………………………...……19

        1. Plaintiff's New York Driver's License…………………………...……… 20

        2. Plaintiff's U.S. Passport and the Intercepted $1,200
          Cares Act Payment…………………………………….………….. 21

    C. Plaintiff's § 1983 Claim is Barred by the Statute of Limitations….…………… 23

VIII. Improper Venue……………………………………….…………..……… 24

Conclusion………………………..…………………….……..……………….. 25

ii

# TABLE OF AUTHORITIES

**Cases**                                                                                    **Page(s)**

*Adams v. Horton*,
    No: 2:13-cv-10, 2015 WL 1015339 (Vt. 2015)…….…………….……………….. 15

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)………………….…………………………….……………….. 7

*Atlantic Marine Const. Co., Inc. v. U.S. Dist. Court for Western Dist. of Texas*,
    571 U.S. 49 (2013)……………………………………….…………….………….. 24

*Baxter v. Adam*,
    750 F. Supp. 2d 1313 (N.D. Fla. 2010)……………….………………….……………. 3

*Bland v. New York*,
    263 F. Supp. 2d 526 (E.D.N.Y. 2003)……………….…………….………………….. 3

*Blumberg v. Nassau Health Care Corp.*,
    378 F. Supp. 2d 122 (E.D.N.Y. 2005)……………….………………….……………. 2

*Board of Regents of State Colleges v. Roth*,
    408 U.S. 564 (1972)………………………………….……………………..… 22

*Boyce v. Cycle Spectrum, Inc.*,
    148 F. Supp. 3d 256 (E.D.N.Y. 2015)……………….……….………………….. 14

*Brown v. Coffin*,
    766 Fed. App'x. 929 (11th Cir. 2019)……………….…………….…………….. 10

*Brown v. Florida Department of Revenue Office of Child Support Enforcement*,
    697 Fed. App'x. 692 (11th Cir. 2017)……...…………..…………….…..………... 3

*Caidor v. Onondaga County*,
    517 F.3d 601 (2d Cir. 2008)…………………………………………….. 19

*Campbell v. Azark*,
    No: 18-CV-3051 (KMK), 2019 WL 2392896 (S.D.N.Y. 2019)…………………….. 12

*Canaday v. Koch*,
    598 F. Supp. 1139 (E.D.N.Y. 1984)…………………………………………… 24

*Carlson v. Principal Financial Group*,
    320 F.3d 301 (2d Cir. 2003)……………………………………………… 17

## TABLE OF AUTHORITIES
(continued)

**Cases**                                                              **Page(s)**

*Cecos Intern., Inc. v. Jorling*,
    895 F.2d 66 (2d Cir. 1990)……………………………………………………... 11

*Chloe v. Queen Bee of Beverly Hills, LLC*,
    616 F.3d 158 (2d Cir. 2010)…………………………………………………… 12

*Clapper v. Amnesty Intern. USA*,
    568 U.S. 398 (2013)…………………………………………………………... 7

*Cogswell v. Rodriguez*,
    304 F. Supp. 2d 350 (E.D.N.Y. 2004)………………………………………… 10

*Cornwell v. Robinson*,
    23 F.3d 694 (2d Cir. 1994)…………………………………………………... 24

*Cory v. White*,
    457 U.S. 85 (1982)………………………………………………….………… 2

*County of Sacramento v. Lewis*,
    523 U.S. 833 (1998)……………………………………………….…………... 3

*Does v. Haas*,
    427 F. Supp. 3d 336 (E.D.N.Y. 2019)…………………………………….......5

*Dube v. State University of New York*,
    900 F.2d 587 (2d Cir. 1990)…………………………………………………… 19

*Eades v. Kennedy, PC Law Offices*,
    799 F.3d 161 (2d Cir. 2015)…………………………………………………… 14

*Empire Healthchoice Assur., Inc. v. McVeigh*,
    547 U.S. 677 (2006)………………………….…………………...…… 17

*Farid v. Smith*,
    850 F.2d 917 (2d Cir. 1988)………………………………………….………… 2

*Feick v. Fleener*,
    653 F.2d 69 (2d Cir. 1981)……………………………………………………...20

*Feingold v. New York*,
    366 F.3d 138 (2d Cir. 2004)……………………………………….………… 4

# TABLE OF AUTHORITIES
### (continued)

**Cases**                                                                                                       **Page(s)**

*Fishman v. Daines*,
      743 F. Supp. 2d 127 (E.D.N.Y. 2010)…….…………………..………………..…... 5

*Finley v. Giacobbe*,
      79 F.3d 1285 (2d Cir. 1996)………….……………….….………………….. 20

*Ford v. Reynolds*,
      316 F.3d 351 (2d Cir. 2003)….……………………….……….…………….. 2

*Gollomp v. Spitzer*,
      568 F.3d 355 (2d Cir. 2009)….…………………………………………….. 2

*Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg.*,
      545 U.S. 308 (2005)………………….………………………..…………… 17

*Gulf Ins. Co. v. Glasbrenner*,
      417 F.3d 353 (2d Cir. 2005)…………………………….………….………. 24

*Hafer v. Melo*,
      502 U.S. 21 (1991)…………………………………………….………... 19

*Hoblock v. Albany County Bd. of Electors*,
      422 F.3d 77 (2d Cir. 2005)…………….……………………..…………………… 8

*In re Deposit Ins. Agency*,
      482 F.3d 612 (2d Cir. 2007)……………….……………….………….…………... 4

*Kotler v. Jubert*,
      986 F.3d 147 (2d Cir. 2021)……………….………………………………… 19

*Kneitel v. Palos*,
      No: 15–CV–2577 (NGG)(VVP), 2015 WL 3607570 (E.D.N.Y. 2015)………..……... 10

*Knife Rights, Inc. v. Vance*,
      802 F.3d 377 (2d Cir. 2015)……………….………….…………………….. 19

*Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*,
      732 F.3d 161 (2d Cir. 2013)…………………….……………….………. 12

*Lilakos v. New York City*,
      No: 14 CV 5288 (PKC)(LB), 2016 WL 11395018 (E.D.N.Y. 2016)………..…………16

# TABLE OF AUTHORITIES
(continued)

**Cases**                                                                                    **Page(s)**

*Lomtevas v. New York State*,
    No: 03–CV–2359 (FB), 2003 WL 22937688 (E.D.N.Y. 2003)...........................11

*Lucente v. County of Suffolk*,
    980 F.3d 284 (2d Cir. 2020)......................................................................... 23

*Lujan v. Defenders of Wildlife*,
    504 U.S. 555 (1992)........................................................................................ 7

*Marino v. City University of New York*,
    18 F. Supp. 3d 320 (E.D.N.Y. 2014)................................................................ 5

*McMenemy v. City of Rochester*,
    241 F.3d 279 (2d Cir. 2001)........................................................................... 20

*Morales v. Gugerty*,
    No: 14–CV–3706 (JFB)(ARL), 2014 WL 3368443 (E.D.N.Y. 2014)................... 19

*Morrison v. Natural Australia Bank, Ltd.*,
    547 F.3d 167 (2d Cir. 2008).......................................................................... 16

*Nassau & Suffolk County Taxi Owners Association, Inc. v. State*,
    336 F. Supp. 3d 50 (E.D.N.Y. 2018)........................................................... 3

*National Aeronautics and Space Admin. V. Nelson*,
    562 U.S. 134 (2011)...................................................................................... 21

*Norton v. Town of Islip*,
    97 F. Supp. 3d 241 (E.D.N.Y. 2015)............................................................. 20

*Papasan v. Allain*,
    478 U.S. 265 (1986)........................................................................................ 5

*Pennhurst State School & Hosp. v. Halderman*,
    465 U.S. 89 (1984)...................................................................................... 3

*Precision Wellness LLC v. Demetech Corporation*,
    No: 21-CV-01244 (JMA)(ARL), 2022 WL 970773, (E.D.N.Y. 2022)...................12

*Rabinowitz v. New York*,
    329 F. Supp. 2d 373 (E.D.NY. 2004)............................................................. 9

## TABLE OF AUTHORITIES
(continued)

**Cases**                                                                              **Page(s)**

*Remy v. NYS Dept. of Taxation and Finance*,
  No: 09 CV 4444(SJF)(AKT), 2010 WL 3926919 (E.D.N.Y. 2010)...................... 10

*Sazerac Co., Inc. v. Falk*,
  861 F. Supp. 253 (S.D.N.Y. 1994)..................................................................... 20

*Smith v. Domestic Relations of Charleston County*,
  No: 2:18-2297-DCN-BM, 2018 WL 11299005 (D.S.C. 2018)........................... 17

*Sonera Holding B.V. v. Cukurova Holding A.S.*,
  750 F.3d 221 (2d Cir. 2014)............................................................................. 12

*Southern New England Telephone Co. v. Global NAPs Inc.*,
  624 F.3d 123 (2d Cir. 2010)............................................................................. 18

*State Employees Bargaining Agent Coalition v. Rowland*,
  494 F.3d 71 (2d Cir. 2007)................................................................................. 4

*Sung Cho v. City of New York*,
  910 F.3d 639 (2d Cir. 2018)............................................................................... 9

*Traguth v. Zuck*,
  710 F.2d 90 (2d Cir. 1983)............................................................................... 19

*Troma Entertainment, Inc. v. Centennial Pictures Inc.*,
  729 F.3d 215 (2d Cir. 2013)............................................................................. 12

*Verizon Maryland, Inc. v. Public Service Com'n of Maryland*,
  535 U.S. 635 (2002)........................................................................................... 4

*Walden v. Fiore*,
  571 U.S. 277 (2014)......................................................................................... 14

*Walker v. Coffin*,
  3:20-cv-826-J-32PDB, 2020 WL 6276168 (M.D. Fla. 2020)............................. 3

*Weinstein v. Albright*,
  No: 00CIV.1193(JGK), 2000 WL 1154310 (S.D.N.Y. 2000)............................ 20

*Weinstein v. Albright*,
  261 F.3d 127 (2d Cir. 2001)............................................................................. 22

vii

*Western Mohegan Tribe and Nation v. Orange County*,
   395 F.3d 18 (2d Cir. 2004)……………………………………………………..… 4

*Ying Jing Gan v. City of New York*,
   996 F.2d 522 (2d Cir. 1993)……………………………………………….. 19

**Statutes, Rules and Regulations**                                      **Page(s)**

42 U.S.C. § 1983……………..……………………………………………….. 3

Federal Rule of Civil Procedure 8..………………………….…………………. 3

Federal Rule of Civil Procedure 12……………………….……………………. 3

N.Y. C.P.L.R. § 301………………….……………………….…………….. 12

N.Y. C.P.L.R. § 302……..……….………….…………………..…….…….. 12

Florida Administrative Code Rule 12E-1.014……………………………….. 16

28 U.S.C. § 1331………………….………………………….…………. 17

Florida Administrative Code Rule 12E-1.023……………………….………. 21

Section 61.13016, Florida Statutes……………………….…………………... 21

42 U.S.C. § 652………………..………………………….……………….. 23

28 U.S.C. § 1391……………….…………………….……...……….…... 24

Section 20.21, Florida Statutes…………………….……………………….. 25

Section 409.2557, Florida Statutes………………………….……….……..25

Defendant, Ann Coffin, in her official capacity as the Florida Child Support Enforcement Program ("CSEP") Director ("Defendant"), respectfully submits this memorandum of law in support of her Motion for an Order dismissing the Complaint filed by Plaintiff, Charles Saldarriaga ("Plaintiff"), pursuant to Federal Rule of Civil Procedure 12(b)(1), (2), (3) and (6).

## INTRODUCTION AND BACKGROUND

On August 4, 2020, Plaintiff, filed a Complaint against Defendant, contesting the child support enforcement actions taken by CSEP related to alleged arrearage owed by Plaintiff ("Complaint").[1] ECF 1.  Plaintiff alleges that CSEP failed to protect his due process rights to contest or request a hearing prior to the suspension of his New York driver's license and U.S. passport. ECF 1, § III, ¶ 1.  Additionally, Plaintiff claims that Defendant intercepted his government stimulus check and failed to notify the New York Child Support Collection Unit regarding the amount intercepted and that this amount was never credited to his alleged arrears. *Id.* at ¶ 4.  The Complaint seeks injunctive relief and monetary damages described as a "credit"; specifically, Plaintiff requests that the Court: (1) suspend further enforcement actions taken by the CSEP; (2) order the CSEP to lift or restore his New York driver's license and U.S. passport until his case is heard in family court for due process; and (3) direct the CSEP to credit the alleged arrears balance from Plaintiff's intercepted stimulus check. *Id.* at § IV.

## ARGUMENT

Plaintiff's Complaint must be dismissed as a matter of law because this Court lacks subject matter jurisdiction and personal jurisdiction, Plaintiff's claims are barred by the Eleventh Amendment, Plaintiff's claims are barred by the *Rooker-Feldman* doctrine, the *Younger*

---

[1] Plaintiff's Complaint is cited to in this Motion to Dismiss ("Motion") by its ECF number, "ECF 1".

abstention doctrine prevents Plaintiff's claims, Plaintiff's claims are time-barred, Plaintiff lacks

standing, venue is improper and because the Complaint fails to state a cause of action.

## I.      Defendant is Entitled to Eleventh Amendment Immunity

As the Second Circuit Court of Appeals held in *Gollomp v. Spitzer*, 568 F.3d 355 (2d Cir.

2009), the Eleventh Amendment means "as a general rule, state governments may not be sued in

federal court unless they have waived their Eleventh Amendment immunity, or unless Congress

has abrogated the states' Eleventh Amendment immunity when acting pursuant to its authority

under Section 5 of the Fourteenth Amendment."[2] *Id.* at 366 (internal citations and quotations

omitted).  "The immunity recognized by the Eleventh Amendment extends beyond the states

themselves to state agents and state instrumentalities that are, effectively, arms of a state", which

includes officers and employees acting on behalf of the state. *Id.*; *Blumberg v. Nassau Health

Care Corp.*, 378 F. Supp. 2d 122, 125 (E.D.N.Y. 2005); *see also Farid v. Smith*, 850 F.2d 917,

921 (2d Cir. 1988) (holding that "[t]he eleventh amendment also bars suits against state officials

and state agencies if the state is the real party in interest, regardless of whether the state is named

as a party to the action").  Further, the Eleventh Amendment bars the award of money damages

against state officials in their official capacities and suits seeking injunctive relief. *Ford v.

Reynolds*, 316 F.3d 351, 355 (2d Cir. 2003); *Cory v. White*, 457 U.S. 85, 91 (1982) (holding that

the Eleventh Amendment clearly applies to a suit seeking an injunction).

It is clear from the allegations in the Complaint that while Plaintiff is pursuing Defendant

in her official capacity as Director of the CSEP, the Florida Department of Revenue ("FDOR") is

the real party in interest. ECF 1, § III, ¶¶ 1-5, § IV; *Farid*, 850 F.2d at 921.  As a result, the

---

[2] The Eleventh Amendment to the United States Constitution states that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."

opinions of Florida's federal courts in cases challenging the constitutionality of child support

actions of CSEP are directly on point, in holding that Eleventh Amendment immunity bars suit

against Ann Coffin in her official capacity and the FDOR. *Brown v. Florida Dep't of Revenue*

*Office of Child Support Enforcement*, 697 Fed. App'x. 692, 693 (11th Cir. 2017) (holding that

"[o]ur caselaw is clear that as a state agency, the [FDOR] is immune from suit under the

Eleventh Amendment"); *see also Walker v. Coffin*, No: 3:20-cv-826-J-32PDB, 2020 WL

6276168, at *3 (M.D. Fla. 2020) (after citing *Brown*, holding that "[t]he [FDOR], sued through

Director Coffin in her official capacity, is entitled to sovereign immunity").

Furthermore, as detailed below, Plaintiff's Complaint is barred as the three exceptions to

Eleventh Amendment immunity do not apply. *Farid*, 850 F. 2d at 921; *see also Nassau & Suffolk*

*Cnty. Taxi Owners Assn., Inc. v. State*, 336 F. Supp. 3d 50, 65-66 (E.D.N.Y. 2018) (reciting the

three well-recognized exceptions to Eleventh Amendment immunity: (1) When a state waives its

Eleventh Amendment immunity defense and consents to suit; (2) Congressional abrogation of

the states' Eleventh Amendment immunity; and (3) the *Ex parte Young* doctrine).

First, the State of Florida has not waived its Eleventh Amendment immunity and thus,

has not consented to suit in federal court under 42 U.S.C. § 1983.[3] *Baxter v. Adam*, 750 F. Supp.

2d 1313, 1338 (N.D. Fla. 2010) (confirming that Florida has not waived its Eleventh Amendment

immunity or consented to be sued in federal court). Second, Congress did not abrogate a state's

---

[3] While Plaintiff's conclusory statement that "[t]he agency has acted with negligence, misconduct and disregard for federal and state laws" fails in all respects to meet the federal pleading requirements and fails to state a valid cause of action, the foregoing is also barred by the Eleventh Amendment. ECF 1, § III, ¶ 5; Fed. R. Civ. P. 8, 12(b)(6); *Bland v. New York*, 263 F. Supp. 2d 526, 534 (E.D.N.Y. 2003) (state law claims are barred by Eleventh Amendment immunity); *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 106 (1984) (*Ex parte Young* is inapplicable in a suit against state officials on the basis of state law); *Farid*, 850 F.2d at 925 (negligence is insufficient to deprive an individual of life, liberty or property under the Fourteenth Amendment); *see also County of Sacramento v. Lewis*, 523 U.S. 833, 845 (1998) (holding that "the touchstone of due process is protection of the individual against arbitrary action of government"); § 409.2564(6), Fla. Stat.(FDOR and Defendant are immune from tort liability).

Eleventh Amendment immunity by enacting § 1983. *Feingold v. New York*, 366 F.3d 138, 149 (2d Cir. 2004) (affirming that § 1983 claims against states are prohibited unless a state consents).

Because the first two exceptions are inapplicable, the lone remaining potential exception is the *Ex parte Young* exception.  "The doctrine of *Ex parte Young* is a limited exception to the general principle of sovereign immunity" in which a plaintiff may sue a state official acting in his official capacity, despite the Eleventh Amendment, for prospective, injunctive relief from ongoing violations of federal law. *Western Mohegan Tribe and Nation v. Orange County*, 395 F.3d 18, 21 (2d Cir. 2004); *State Employees Bargaining Agent Coalition v. Rowland*, 494 F.3d 71, 95 (2d Cir. 2007); *In re Deposit Ins. Agency*, 482 F.3d 612, 618 (2d Cir. 2007) (internal citations and quotations omitted).  "In determining whether the doctrine of *Ex parte Young* avoids an Eleventh Amendment bar to suit, a court need only conduct a straightforward inquiry into whether the complaint alleges an *ongoing* violation of federal law and seeks relief properly characterized as prospective." *Ford*, 316 F.3d at 355 (quoting *Verizon Maryland, Inc. v. Public Service Com'n of Maryland*, 535 U.S. 635 (2002)) (emphasis added).

While Plaintiff's conclusory allegations contained within Section III of the Complaint fail to provide a plausible basis for an "ongoing violation of federal law", they also fail to meet the minimum pleading requirements to properly assert a valid procedural due process claim under § 1983, as detailed in Section VII(B) of this Motion, *infra*; as a result, the failure to plead a viable procedural due process claim under § 1983 negates Plaintiff's ability to allege an "ongoing violation of federal law". ECF I, § III; *Verizon Maryland, Inc.*, 535 U.S. at 645.  In addition, assuming *arguendo* that the Complaint met the minimum pleading requirements, on their face, the allegations in the Complaint are still legally insufficient to allege an "ongoing violation of

federal law".[4] *Papasan v. Allain*, 478 U.S. 265, 277-78 (1986) (*Ex parte Young* applies to cases where there is an *ongoing* violation of federal law by a state official as opposed to one where federal law has been violated at one time or over a period of time in the past) (emphasis added).

The Complaint also fails to seek relief properly characterized as prospective. *Ford*, 316 F.3d at 355. "In determining how to properly characterize relief, courts are to focus on the 'nature of [the] requested relief, not the label placed on it.'" *Fishman v. Daines*, 743 F. Supp. 2d 127, 137 (E.D.N.Y. 2010) (quoting *New York City Health & Hospitals Corp. v. Perales*, 50 F. 3d 129, 135 (2d Cir. 1995); *see also Marino v. City University of New York*, 18 F. Supp. 3d 320, 333 (E.D.N.Y. 2014) (the court determined that relief sought is purely prospective if it would require state officials to take future action to prevent present and future harm).

As to the first request for relief, asking the Court to "suspend further enforcement actions taken by the [CSEP] directed by Ann Coffin", it fails to seek relief designed to prevent ongoing violations of federal law, since there are no allegations that the "enforcement action" taken by Defendant or CSEP is in violation of the law, much less federal law. ECF 1, § IV; *Does v. Haas*, 427 F. Supp. 3d 336, 348 (E.D.N.Y. 2019) (the "Eleventh Amendment prevents federal courts from providing any relief that is not the type of remedy designed to prevent ongoing violations of federal law"). Additionally, it would be improper to enjoin Defendant from taking lawful enforcement action, which is precisely the relief sought by Plaintiff. ECF 1, § IV.

Plaintiff's second request for relief asks "the court to order the [CSEP] directed by Ann Coffin to lift or restore driver's license and passport until [Plaintiff's] case is heard in family

---

[4] The Complaint's claim that: (1) the "CSEP, directed by Ann Coffin, failed to protect my due process rights to contest or request a hearing prior to suspension of license and passport"; (2) "[a] letter was sent certified mail to the Defendant on 5/25/2020 (see Exhibit B) requesting for an administrative review to allow me the opportunity to inspect agency records related to my child support case #NV86176X1 and contesting administrative enforcement until due process…"; and (3) "[t]he Defendant has intercepted government stimulus check (see Exhibit E) and failed to notify (New York Child Support Collection Unit) regarding the amount ($1,200) intercepted…", are clearly not allegations of *ongoing* violations of federal law. ECF 1, § III, ¶¶ 1, 2 and 4, respectively.

court for due process", also fails to conform to the requirements of *Ex parte Young*, since it seeks relief for Defendant's purported past act of failing to protect Plaintiff's due process rights to contest or request a hearing prior to a previous suspension of Plaintiff's New York driver's license and U.S. passport. ECF 1, § IV; *Does*, 427 F. Supp at 348 (request for injunctive relief for due process violations did not implicate *Ex parte Young* where relief sought was stemming from past conduct with no plausible threat of a future violation; "if a complaint is based entirely upon past acts and does not allege continuing conduct that, if stopped, would provide a remedy to plaintiff, then it does not implicate *Ex parte Young*") (citations and quotations omitted).

The Complaint's third request for relief, which asks this court to "direct [CSEP] to credit the alleged arrears balance from the stimulus check that was intercepted", also fails to implicate *Ex parte Young* since it does not seek prospective injunctive relief and because it simply seeks monetary relief based entirely upon past acts. ECF 1, § IV; *Does*, 427 F. Supp at 348; *Ford*, 316 F.3d at 354-55 (award of money damages against state officials in their official capacity is barred by the Eleventh Amendment; relief in the form of money damages precludes injunctive relief); *Fishman*, 743 F. Supp. 2d at 137 (holding that "even when a complaint seeks declaratory or injunctive relief, the *Ex parte Young* doctrine will not apply if the effect of that relief would be equivalent to a money judgment against the state"). In light of Plaintiff's failure to seek relief properly characterized as prospective, the *Ex parte Young* exception to Eleventh Amendment immunity cannot, as a matter of law, apply. As a result, Plaintiff's Complaint against Defendant is barred by Eleventh Amendment immunity and must be dismissed with prejudice.

## II.    Plaintiff Lacks Standing

As the United States Supreme Court he made clear, "Article III of the [U.S.] Constitution limits federal courts' jurisdiction to certain 'Cases' and 'Controversies'. No principle is more

fundamental to the judiciary's proper role in our system of government than the constitutional limitation of federal-court jurisdiction to actual cases or controversies." *Clapper v. Amnesty Intern. USA*, 568 U.S. 398, 408 (2013) (internal citations omitted). Thus, to demonstrate Article III standing, a plaintiff must establish the following three elements:

1. The plaintiff must have suffered an "injury in fact"—an invasion of a legally protected interest which is (a) concrete and particularized, and (b) "actual or imminent, not 'conjectural' or 'hypothetical;

2. There must be a causal connection between the injury and the conduct complained of—the injury has to be "fairly ... traceable to the challenged action of the defendant, and not ... the result of the independent action of some third party not before the court; and

3. It must be "likely," as opposed to merely "speculative," that the injury will be "redressed by a favorable decision.

*Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992) (internal citations omitted).

Here, Plaintiff lacks standing to assert a procedural due process challenge against Defendant based upon the allegation that the CSEP, directed by Ann Coffin, "failed to protect [his] due process rights to contest or request a hearing [prior to the suspension of Plaintiff's New York driver's license and U.S. passport]." ECF 1, § III, ¶ 1. First, the Complaint is devoid of any facts to support Plaintiff's conclusory allegation and establish exactly how Ann Coffin or CSEP injured him by failing to protect Plaintiff's purported due process rights to contest or request a hearing. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.") Second, the Complaint also fails to plead facts to demonstrate the traceability element of standing – showing that the injury complained of is fairly traceable to the challenged action of Defendant and not the action of a third-party not before this Court. Third, Plaintiff has not asserted any facts that establish the third element of standing, redressability - that it is likely that

Plaintiff's injury will be redressed by a favorable decision by this Court.  While the Complaint seeks relief from this Court in the form of an order directing "CSEP directed by Ann coffin to lift or restore driver's license and passport until my case is heard in family court for due process", because it is silent as to Defendant's purported actions in failing to protect Plaintiff's rights to contest or request a hearing prior to the suspension of his New York driver's license and U.S. passport, there is no way for the Court to determine whether granting the relief requested by Plaintiff will actually redress Plaintiff's claimed injury. ECF 1, § IV.  Thus, since the party invoking federal jurisdiction bears the burden of establishing the elements of standing, Plaintiff's failure in this respect requires dismissal of the Complaint with prejudice. *Lujan*, 504 U.S. at 561.

### III.    The *Rooker-Feldman* Doctrine Prohibits Plaintiff's Claims

The *Rooker-Feldman* doctrine establishes the legal principle that federal district courts lack subject-matter jurisdiction over lawsuits that are, in substance, appeals from state-court judgments; specifically, cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the federal district court proceedings commenced and inviting the federal district court to review and reject those state court judgments. *Hoblock v. Albany County Bd. of Electors*, 422 F.3d 77, 83-85 (2d Cir. 2005).  Thus, in order for the *Rooker-Feldman* doctrine to apply, the following four requirements must be met: (1) The federal-court plaintiff must have lost in state court; (2) The plaintiff must complain of injuries caused by a state-court judgment; (3) The plaintiff must invite federal district court review and rejection of that state court judgment; and (4) The state-court judgment must have been rendered before the district court proceedings commenced. *Id.* at 85.

Further, the second requirement – that the plaintiff must complain of injuries caused by a state-court judgment – is the core requirement from which the other three requirements derive.

*Sung Cho v. City of New York*, 910 F.3d 639, 646 (2d Cir. 2018).  To that end, the Second Circuit has "[a]cknowled[ed] that occasionally 'federal suits that purport to complain of injury by individuals in reality complain of injury by state-court judgments,'" and thus, "[the Second Circuit] developed the following formula to help guide [its] inquiry: 'a federal suit complains of injury from a state-court judgment, even if it appears to complain only of a third party's actions, when the third party's actions are produced by a state-court judgment and not simply ratified, acquiesced in, or left unpunished by it.'" *Id. (*quoting *Hoblock*, 422 F.3d at 88).  Further, "[a] plaintiff may not overcome the [*Rooker-Feldman*] doctrine and seek a reversal of a state court judgment simply by casting his complaint in the form of a civil rights action." *Rabinowitz v. New York,* 329 F. Supp. 2d 373, 376 (E.D.NY. 2004) (internal citations and quotations omitted).

The Complaint conclusively establishes all four elements of the *Rooker-Feldman* doctrine.  First, Plaintiff lost in state-court; specifically, at least one state court judgment was entered against Plaintiff requiring him to pay child support. ECF 1, Ex. C, § III, ¶ 3 (Plaintiff admits that "[t]he current child support order is controlled by the tribunal in the State of New York which maintains jurisdiction").  Second, Exhibit C is clear that the Family Court of the State of New York, County of Queens, issued a [child support] Order on November 16, 2016, requiring Plaintiff to pay $175 weekly in child support, which is well over three and a half years prior to Plaintiff filing this Complaint. ECF 1, Ex. C.  Third, Plaintiff's allegations of Defendant's child support enforcement actions are clearly the product of the child support order issued to Plaintiff by the state court.[5] *Sung Cho*, 910 F.3d at 646.

---

[5] For example, Plaintiff alleges that:
- "(2) A letter was sent…to the Defendant…requesting for an administrative review to allow me to inspect agency records related to my child support case…and contesting administrative enforcement…" ECF 1, § III, ¶ 2.
- "(3) Ann Collins [sic] in her full capacity directing the [CSEP]…instead has continued enforcement actions…the current child support order is controlled by the tribunal in the State of New York which maintains jurisdiction." ECF 1, § III, ¶ 3.

Additionally, federal courts reviewing cases which challenge the enforcement action taken by third-parties in child support cases have uniformly held that *Rooker-Feldman* bars those cases in federal district court. *Cogswell v. Rodriguez*, 304 F. Supp. 2d 350, 355-56 (E.D.N.Y. 2004) (holding that *Rooker-Feldman* bars plaintiff's complaint that she was denied due process because she was not provided notice that her vehicle would be seized due to her failure to pay child support); *Remy v. NYS Dep't. of Taxation and Finance*, No: 09 CV 4444 (SJF)(AKT), 2010 WL 3926919, at *2-3 (E.D.N.Y. 2010) (holding that *Rooker-Feldman* bars consideration of plaintiff's claims by the federal district court, wherein plaintiff's claims sought relief from not only the child support judgment as violative of his constitutional rights, but also the enforcement of the judgment); *Kneitel v. Palos*, No:15–CV–2577 (NGG)(VVP), 2015 WL 3607570, at *7 (E.D.N.Y. 2015) (holding that plaintiff's constitutional claims resulting from the enforcement of the child support order are barred by the *Rooker-Feldman* doctrine); *see also Walker v. Coffin*, No: 3:20-cv-826-J-32PDB, 2020 WL 6276168, at *2 (M.D. Fla. 2020) (holding that the *Rooker-Feldman* doctrine precluded plaintiff's due process claim against Ann Coffin for enforcing the child support orders issued against plaintiff); and *Brown v. Coffin*, 766 Fed. App'x. 929, 931-32 (11th Cir. 2019) (holding that the *Rooker-Feldman* doctrine barred plaintiff's claims against Ann Coffin in which he alleged that Director Coffin violated his constitutional rights by obtaining orders to garnish his tax return and suspend his driver's license pursuant to the child support order and requesting that the federal court stop the child support enforcement).  Thus, Plaintiff's Complaint must be dismissed with prejudice as a matter of law pursuant to *Rooker-Feldman*.

### IV.   The *Younger* Abstention Doctrine Prevents Plaintiff's Claims

---

- "(4) The Defendant has intercepted government stimulus check (see Exhibit E) and failed to notify (New York Child support Collection Unit) regarding the amount ($1,200) intercepted.  The intercepted amount ($1,200) was never credited to the alleged arrears…" ECF 1, § III, ¶ 4.

The *Younger* abstention doctrine requires a federal district court abstain from exercising jurisdiction in state court criminal, civil and administrative proceedings provided that there is a means to review constitutional claims. *Cecos Intern., Inc. v. Jorling*, 895 F.2d 66, 70 (2d Cir. 1990).  Thus, "[t]o justify a refusal to assume jurisdiction on *Younger* grounds, a district court must answer three questions affirmatively: (1) is there an ongoing state proceeding; (2) is an important state interest implicated; (3) does the plaintiff have an avenue open for review of constitutional claims in the state court?" *Id.*

First, the Complaint makes it clear that there is an ongoing state proceeding. ECF 1, Ex. C, § III, ¶ 3 ("the current child support order is controlled by the tribunal in the State of New York which maintains jurisdiction").  Second, family relation matters, which includes child support actions, are a recognized important state interest. *Id.* at ¶¶ 2-3; *Cogswell,* 304 F. Supp. 2d at 357 (holding that plaintiff's claims which stem from the pending state court proceedings involving child support, involve family relations which is an important state interest); *Lomtevas v. New York State*, No: 03–CV–2359 (FB), 2003 WL 22937688, at *2 (E.D.N.Y. 2003) (holding that actions to enforce child support orders implicate important state interests).  Third, Plaintiff has not alleged an inability to raise his purported constitutional claims against Defendant in the state court action. *Cogswell,* 304 F. Supp. 2d at 357 (holding that since plaintiff does not deny her ability to raise her asserted federal civil rights claims in state court, Plaintiff can raise those claims in the pending proceedings in New York State Court and thus, plaintiff's claims fall within the ambit of the *Younger* abstention doctrine); *see also Lomtevas,* 2003 WL 22937688, at *2 (holding that plaintiff will be able to bring his challenge in the New York State case as plaintiff has not alleged, and there is no reason to believe, that the New York State courts could

11

not afford Plaintiff the opportunity for judicial review of his constitutional challenge).  Thus, Plaintiff's Complaint should be dismissed with prejudice under the *Younger* abstention doctrine.

## V.    This Court Lacks Personal Jurisdiction Over Defendant

In order to establish personal jurisdiction over Defendant, Plaintiff bears the burden to demonstrate a *prima facie* showing that jurisdiction exists. *Troma Entertainment, Inc. v. Centennial Pictures Inc.*, 729 F.3d 215, 217 (2d Cir. 2013).  Thus, to survive a 12(b)(2) motion to dismiss for lack of personal jurisdiction, a complaint must contain non-conclusory allegations of fact, which if taken as true, are sufficient to establish jurisdiction over a defendant. *Id.*; *Chloe v. Queen Bee of Beverly Hills, LLC*, 616 F.3d 158, 163 (2d Cir. 2010).

### A.    New York's Long-Arm Statute

Per the Complaint, Defendant is the Program Director of the *Florida* Child Support Enforcement Program, located in *Tallahassee, Florida*. ECF 1, pgs 1-2.  Thus, it is clear from the face of the Complaint, that Defendant is a non-domiciliary of New York.  Therefore, in determining personal jurisdiction over a non-domiciliary in a federal question case, a court must engage in a two-step analysis, of which, the first step requires the application of the forum's long-arm statute.[6] *Chloe*, 616 F.3d at 163.  New York's long-arm statute states in relevant part:

> (a) Acts which are the basis of jurisdiction. As to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any non-domiciliary, or his executor or administrator, who in person or through an agent:

---

[6] New York has two separate personal jurisdiction statutes, N.Y. C.P.L.R. § 301 and § 302, and while neither provide personal jurisdiction over Defendant based upon the allegations in the Complaint, the high threshold to obtain general jurisdiction under § 301, which requires a party to have engaged in such a "continuous and systematic" course of doing business in New York that renders that party essentially at home, is not even arguably satisfied by the allegations in the Complaint. *Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 732 F.3d 161, 169 nt. 6 (2d Cir. 2013); *Precision Wellness LLC v. Demetech Corporation*, No: 21-CV-01244 (JMA)(ARL), 2022 WL 970773, at *3 (E.D.N.Y. 2022); *Campbell v. Azark*, No: 18-CV-3051 (KMK), 2019 WL 2392896, at *3 nt. 2 (S.D.N.Y. 2019) (quoting *Sonera Holding B.V. v. Cukurova Holding A.S.*, 750 F.3d 221, 224 (2d Cir. 2014)).

1. transacts any business within the state or contracts anywhere to supply goods or services in the state; or
2. commits a tortious act within the state, except as to a cause of action for defamation of character arising from the act; or
3. commits a tortious act without the state causing injury to person or property within the state, except as to a cause of action for defamation of character arising from the act, if he (i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce; or
4. owns, uses or possesses any real property situated within the state.

N.Y. C.P.L.R. § 302(a)1-4.

The Complaint is devoid of any factual allegation triggering the application of N.Y. C.P.L.R. § 302; in fact, the Complaint fails to provide any factual allegations to support personal jurisdiction over Defendant.[7] There are no allegations that Defendant: transacts any business within the state or contracts anywhere to supply goods or services in the state; committed a tortious act within the state; committed a tortious act without the state causing injury to person or property within the state; or owns, uses or possesses any real property situated within the state. ECF 1. In fact, the allegations in the Complaint and the Exhibits attached thereto, evidence that this Court lacks personal jurisdiction over Defendant.[8, 9] Thus, New York's long-arm statute fails to provide personal jurisdiction over Defendant.

### B.   Due Process Clause of the U.S. Constitution

---

[7] The remaining subsections of § 302 are also not applicable as this case does not implicate a judgment in a defamation proceeding nor is this a "matrimonial action" or "family court proceeding". ECF I; N.Y. C.P.L.R. § 302(b) and (d); *Campbell*, 2019 WL 2392896 at *3.

[8] Plaintiff's conclusory claim that "[i]n the State of New York Queens County on 6/2/2017 to current date, [CSEP] directed by [Defendant], failed to protect my due process rights to contest or request a hearing prior to suspension of license and passport.", is legally insufficient to establish personal jurisdiction under § 302(a). ECF 1, § III, ¶ 1.

[9] For example, both Paragraph 4, Section III and Exhibit E of the Complaint simply reinforce that any enforcement actions taken by CSEP to intercept Plaintiff's $1,200 CARES Act payment did not occur in New York as both are devoid of any mention of the payment having been intercepted by Defendant in New York or meet any of the requirements under § 302(a). Further Paragraphs 2, 3 and 5 and Exhibits A, C, D, F and G are likewise unavailing and fail to demonstrate any of the required elements under § 302(a).

This Court also lacks personal jurisdiction over Defendant under the second step of the analysis, as personal jurisdiction over Defendant does not comport with the Due Process protections required by the U.S. Constitution. *Chloe*, 616 F.3d at 164.  "To establish personal jurisdiction over a defendant, due process requires a plaintiff to allege: (1) that a defendant has 'certain minimum contacts' with the relevant forum, and (2) that the exercise of jurisdiction is reasonable in the circumstances." *Eades v. Kennedy, PC Law Offices*, 799 F.3d 161, 168-69 (2d Cir. 2015) (internal citations omitted).

### 1.    Minimum Contacts

As to the first requirement, courts evaluate the quality and nature of the defendant's contacts with the forum state under a totality of the circumstances test. *Id.* at 169.  "To establish the minimum contacts necessary to justify 'specific' jurisdiction, the claim must arise out of or relate to the defendant's contacts with the forum state ... such that defendant 'purposefully availed' itself of doing business and could foresee being 'haled into court' in the state." *Boyce v. Cycle Spectrum, Inc.*, 148 F. Supp. 3d 256, 267 (E.D.N.Y. 2015) (internal citations omitted). The connection must arise out of the defendant's own contacts with the forum state, as opposed to the plaintiff being the only link between the defendant and the forum state. *Id.*  As discussed, *supra*, the Complaint fails to plead any facts that evidence that Defendant purposefully availed herself of doing business in New York such that she could reasonably foresee being sued in New York as opposed to Florida.  Thus, Plaintiff has not met his burden to establish that Defendant has had the necessary minimum contacts with this forum to establish personal jurisdiction.[10]

---

[10] For example, the Complaint does not contain any facts alleging that Defendant had any contact with New York State as it relates to suspending Plaintiff's New York driver's license, U.S. Passport or intercepting Plaintiff's $1,200 CARES Act payment. ECF 1.  The Complaint's vague and conclusory statement in Paragraph 1, Section III is wholly insufficient to meet the minimum contacts requirements for this Court to obtain personal jurisdiction over Defendant. *Walden v. Fiore*, 571 U.S. 277, 284 (2014) (rejecting attempts to satisfy the defendant-focused minimum contacts requirement by allowing contacts between the forum state and the plaintiff or third-party).

### 2.      Reasonableness

After establishing a defendant's minimum contact with the forum, courts then evaluate

whether it is reasonable to exercise jurisdiction such that it would comport with fair play and

substantial justice, and in so doing, assess the following considerations: (1) the burden that the

exercise of jurisdiction will impose on the defendant; (2) the interstate judicial system's interest

in obtaining the most efficient resolution of the controversy; (3) plaintiff's interest in obtaining

convenient and effective relief; (4) the forum state's interests in adjudicating the case; and (5) the

states' shared interest in furthering substantive social policies. *Eades*, 799 F.3d at 169.

In an analogous case applying these factors, *Adams v. Horton*, No: 2:13-cv-10, 2015 WL

1015339 (Vt. 2015), a child support payor who moved from Georgia to Vermont, filed suit in

Vermont federal court against the Georgia Division of Child Support Services ("CSS") for

violation of her due process rights for, among other things, failing to provide due process prior to

certifying plaintiff to the U.S. State Department's Passport Denial Program due to her child

support arrearage. *Id.* at *2.  The CSS moved to dismiss based upon a lack of personal

jurisdiction. *Id.* at *3.  The court, after conducting a personal jurisdiction due process analysis

applying Second Circuit precedent, determined that there was a lack of minimum contacts and

also because personal jurisdiction over CSS would not be reasonable. *Id.* at 5.  Specifically, as to

the lack of reasonableness, the court found that: (1) the burden on employees of Georgia's CSS

attending trial in Vermont would be significant; (2) the State of Vermont has shared

responsibility for collecting on plaintiff's overdue child support payments; and (3) it is

unreasonable for a state to exercise jurisdiction over officials and agencies of another state based

upon actions they took to enforce a valid state court order, including a child support order. *Id.*

Similar to *Adams*, in our case, asking Defendant to travel from Florida to New York to defendant this action paid-for with state funds is an unnecessary burden, entirely unreasonable given the Complaint's allegations and also undermines the judicial system's interest in obtaining the most efficient resolution of the controversy.  Also, nowhere in the Complaint is there an allegation that the enforcement actions taken by CSEP to enforce the current child support order against Plaintiff are illegal or based upon an invalid child support order. ECF 1.

Additionally, Plaintiff has multiple avenues to obtain convenient and effective relief; for example: (a) as Plaintiff has pled that the current child support order is controlled by the tribunal in the State of New York which maintains jurisdiction, Plaintiff can seek relief from, or modification of, that Court's Order; (b) Plaintiff can request a formal administrative hearing with CSEP pursuant to Rule 12E-1.014, Florida Administrative Code. ECF 1, § III, ¶ 4, Ex. C. Lastly, Plaintiff could always pay the arrearage that he owes, thereby mooting the need for any court involvement, which supports the shared interest of the states in furthering the substantive social policy of ensuring that those entitled to receive child support in fact do so.

Therefore, in light of the foregoing, this Court lacks personal jurisdiction over Defendant and thus, Plaintiff's Complaint must be dismissed with prejudice.

## VI.    This Court Lacks Subject Matter Jurisdiction

In Section II of the Complaint, Plaintiff asserts that this Court has federal question jurisdiction based upon ten (10) separate statutory provisions cited therein.[11, 12, 13]

---

[11] Plaintiff bears the burden of proving by a preponderance of the evidence that subject matter jurisdiction exists. *Morrison v. Natural Australia Bank, Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008).

[12] (1) 42 U.S.C. § 1983; (2) 45 CFR § 303.101(c); (3) 45 C.F.R. § 303.102(g); (4) 45 C.F.R. § 303.7(c); (5) 45 C.F.R. § 303.72(d); (6) 45 C.F.R. § 303.72(g); (7) 31 U.S.C. § 3716; (8) 28 U.S.C. § 1738B(b); (9) 28 U.S.C. § 1738B(f); (10) UIFSA § 209; and (11) UIFSA § 319. ECF 1, § II.

[13] *Lilakos v. New York City*, No: 14 CV 5288 (PKC)(LB), 2016 WL 11395018, at *4 (E.D.N.Y. 2016) (holding that "[s]imply naming a federal statute does not establish § 1331 jurisdiction").

28 U.S.C. § 1331, which provides federal question jurisdiction states "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  As the U.S. Supreme Court has held, "[a] case arises under federal law within the meaning of § 1331, if a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006) (internal citations and quotations omitted).  To determine whether a complaint has properly invoked federal question jurisdiction, "the complaint must allege a claim that arises under the Constitution or laws of the United States and that is neither made solely for the purpose of obtaining jurisdiction nor wholly insubstantial and frivolous." *Carlson v. Principal Financial Group*, 320 F.3d 301, 306 (2d Cir. 2003).

Assuming *arguendo* that the Complaint does not fail for the reasons stated elsewhere in this Motion, the only statutory provision within section II of the Complaint that can confer federal question jurisdiction is § 1983. ECF 1, § II; *Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg.*, 545 U.S. 308, 312 (2005) (finding that federal question jurisdiction is invoked when a plaintiff pleads a cause of action created by federal law, such as § 1983).  On their face, the remaining nine (9) statutory provisions cited in the Complaint fail to provide this Court with subject matter jurisdiction as those specific provisions fail to provide Plaintiff with a cause of action.[14] ECF 1, § II; *Smith v. Domestic Relations of Charleston County*, No: 2:18-2297-DCN-BM, 2018 WL 1299005, at *3 (D.S.C. 2018) (holding that this and other courts have found that 45 C.F.R. § 303.101 does not provide a private right of action and thus, fails to provide a basis for federal question jurisdiction).  Moreover, the Complaint does not assert any

---

[14] Additionally, § 303.102(g) relates to *state* income tax refund offsets; there are no allegations in the Complaint that Plaintiff's *New York state* income tax was impacted by CSEP. ECF 1 (emphasis added).

allegations that Plaintiff's right to relief depends on resolution of a substantial question of federal law. *Grable*, 545 U.S. at 313 (discussing cases where federal question jurisdiction was appropriate because the court found a substantial question of federal law was implicated based upon the legal requirement that the case truly and substantially involve a dispute respecting the validity, construction or effect of federal law).  In our case, Plaintiff's claims do not in any way involve a dispute regarding the validity, construction or effect of federal law; instead, Plaintiff simply takes issue with child support arrearage enforcement actions taken by CSEP. ECF 1, § III.

Additionally, the inclusion of the statutory references within section II of the Complaint other than § 1983, are wholly inapplicable given the allegations in the Complaint and the purported claims asserted by Plaintiff.  As a result, they can only be construed as being asserted in an attempt to provide this Court with federal question jurisdiction. *Southern New England Telephone Co. v. Global NAPs Inc.*, 624 F.3d 123, 132 (2d Cir. 2010) (holding that a court lacks subject matter jurisdiction under § 1331 where the federal statutory provisions pled in the complaint were clearly pled for the purpose of obtaining jurisdiction).  Therefore, the only basis for federal question jurisdiction cited in § II of the Complaint is Plaintiff's § 1983 claim.

### VII.    The Complaint Fails to State a Claim Upon Which Relief Can be Granted

To survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678 (internal citations and quotations omitted).  "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do.  Nor does a complaint suffice if it tenders naked assertions devoid of further factual

enhancement." *Id.* (internal citations and quotations omitted).  Thus, allegations that are no more than mere conclusions, are not entitled to the assumption of truth, but instead, must be supported by factual allegations. *Id.* at 679.  Further, while a court generally construes a *pro se* plaintiff's pleadings liberally, that does not exempt a *pro se* party from the requirement to inform himself of the relevant mandatory deadlines and rules of procedural and substantive law as well as complying with same. *Caidor v. Onondaga County*, 517 F.3d 601, 605 (2d Cir. 2008); *Kotler v. Jubert*, 986 F.3d 147, 156 (2d Cir. 2021); *see also Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983).  While courts are generally liberal in granting leave to amend, especially with *pro se* plaintiffs, leave to amend is properly denied when the deficiencies in plaintiff's claims are substantive in nature and cannot be remedied by amendment. *Knife Rights, Inc. v. Vance*, 802 F.3d 377, 389 (2d Cir. 2015); *Morales v. Gugerty*, No: 14–CV–3706 (JFB)(ARL), 2014 WL 3368443, at *8 (E.D.N.Y. 2014).

### A.    Plaintiff Fails to State a Cause of Action Under 42 U.S.C. § 1983

In the Complaint, Plaintiff requests relief by asking this Court to "direct [CSEP] to credit the alleged arrears balance from the stimulus check that was intercepted". ECF 1, § IV.  Federal courts are clear that a § 1983 claim for damages against a state official in her official capacity fails to state a claim upon which relief can be granted as a state official sued in his or her official capacity is not a "person" within the meaning of § 1983. *Ying Jing Gan v. City of New York*, 996 F.2d 522, 536 (2d Cir. 1993); *see also Hafer v. Melo*, 502 U.S. 21, 26 (1991); *Dube v. State University of New York*, 900 F.2d 587, 595 (2d Cir. 1990).  Therefore, Plaintiff's § 1983 claim for damages must be dismissed with prejudice as a matter of law.

### B.    Plaintiff Fails to State a Cause of Action for Violation of Procedural Due Process

"A procedural due process violation occurs when the government deprives a person of a protected life, liberty, or property interest without first providing notice and an opportunity to be heard." *Norton v. Town of Islip*, 97 F. Supp. 3d 241, 266 (E.D.N.Y. 2015).  To prevail on a procedural due process claim, a plaintiff must show that he: (1) possessed a protected liberty or property interest; and (2) was deprived of that liberty or property interest without due process. *McMenemy v. City of Rochester*, 241 F.3d 279, 286 (2d Cir. 2001).  That is to say, that "a plaintiff must show that a government entity deprived him of a right secured by law." *Finley v. Giacobbe*, 79 F.3d 1285, 1296 (2d Cir. 1996) (internal citations and quotations omitted).

**1.      Plaintiff's New York Driver's License**

While the Complaint alleges in a conclusory fashion that the CSEP "directed by Ann Coffin, failed to protect my due process rights to contest or request a hearing prior to suspension of license and passport. (see Exhibit A)", the Complaint is devoid of factual assertions legally required to properly state a procedural due process violation pursuant to § 1983. *Weinstein v. Albright*, No: 00CIV.1193(JGK), 2000 WL 1154310, at *6 (S.D.N.Y. 2000) (dismissing constitutional claim where plaintiff failed to allege facts to support his conclusory allegations).

Despite Plaintiff's inclusion of his New York Driving Record as Exhibit A to support the contentions asserted in Paragraph 1, Exhibit A does just the opposite. *Sazerac Co., Inc. v. Falk*, 861 F. Supp. 253, 257 (S.D.N.Y. 1994) (citing to *Feick v. Fleener*, 653 F.2d 69, 75 & n. 4 (2d Cir. 1981) ("if the allegations of a complaint are contradicted by documents made a part thereof, the document controls and the court need not accept as true the allegations of the complaint"). Exhibit A does not in any way demonstrate that either Ann Coffin or the CSEP were responsible for actually suspending Plaintiff's New York driver's license.  In fact, Exhibit A, fails to identify what entity or entities issued the 6/2/2017 order suspending Plaintiff's New York driver's license

20

for failure to pay child support.[15]  Regardless, neither Defendant, nor CSEP have the statutory authority to suspend a driver's license from any state other than Florida, thus rendering any claim that Defendant had any obligation to provide notice to Plaintiff prior a third-party suspending his New York driver's license a legal nullity. Fla. Admin. Code R. 12E-1.023; § 61.13016, Fla. Stat.[16]  Therefore, Plaintiff's claim of a violation of procedural due process related to the suspension of his New York driver's license must be dismissed with prejudice as a matter of law.

### 2.    Plaintiff's U.S. Passport and the Intercepted $1,200 Cares Act Payment

Plaintiff's assertions that the CSEP "directed by Ann Coffin, failed to protect my due process rights to contest or request a hearing prior to suspension of license and passport" and that Defendant "failed to notify (New York Child support Collection Unit) regarding the amount ($1,200) intercepted…", fail to meet the requirements to plead a procedural due process violation pursuant to § 1983.  ECF 1, § III, ¶¶ 1, 4.  For example, the Complaint is devoid of factual assertions legally required to properly state a procedural due process violation to support Plaintiff's passport claim pursuant to § 1983. ECF 1, § III, ¶ 1; *Weinstein*, 2000 WL 1154310 at *6 (dismissing constitutional claim where plaintiff failed to allege facts to support his conclusory allegations).  Also, the Complaint's contention that Defendant failed to notify the New York Child Support Collection Unit is legally insufficient to serve as a basis for violation of *Plaintiff's* procedural due process. *Finley*, 79 F.3d at 1296 (holding that "[i]n order to establish a valid claim for deprivation of procedural due process under 42 U.S.C. § 1983, a plaintiff must show that a government entity deprived *her* of a right secured by law"); *National Aeronautics and Space Admin. V. Nelson*, 562 U.S. 134, 161 (2011) (finding that plaintiff's procedural due

---

[15] Pursuant to Exhibit A, Plaintiff's New York driver's license has also been and remains suspended pursuant to two separate and independent orders, effective 3/3/2020, unrelated to his failure to pay child support.

[16] Additionally, Exhibit A, as a printout of Plaintiff's driving record, does not in any way discuss or mention his U.S. passport or the purported suspension of his U.S. passport.

process claim fails when plaintiff makes no claim that defendant deprived *him* of a property interest without due process); *see also Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 570 (1972) (holding that "the range of interests protected by procedural due process is not infinite").

Moreover and equally dispositive is the case of *Weinstein v. Albright*, 261 F.3d 127 (2d Cir. 2001), wherein the Second Circuit Court of Appeals reviewed a district court decision that concluded that the New York State Division of Child Support Enforcement, akin to the CSEP, did not deny plaintiff procedural due process – notice and an opportunity to be heard – where, as required by statute, defendant mailed plaintiff a special notice discussing the amount of child support owed by plaintiff and warning that his passport may not be issued, even though plaintiff claims he never received that special notice. *Id.*; *Weinstein*, 2000 WL 1154310, at *11.  In *Weinstein*, the Second Circuit confirmed that "[a]t a minimum, due process requires that the government provide notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Weinstein*, 261 F.3d at 134 (internal citations and quotations omitted).  Further, "[t]he key inquiry in evaluating whether the government provides due process is whether the class of persons affected are given notice and provided with an opportunity to contest the relevant determination at a meaningful time and in a meaningful manner." *Id.* at 135.  As a result, the Second Circuit agreed with the district court that even though plaintiff claimed to not have received the special notice, "[t]he *statutory framework* challenged here assures that persons such as plaintiff will be afforded notice and an opportunity to be heard at a meaningful time, that is, before a state agency certifies the arrears to the federal government and thus before the any action is taken on the passport." *Id.* at 135 (emphasis added).

Similar to the New York regulations in *Weinstein*, Florida's Administrative Code Rule 12E-1.014(6) and (7) provide pre-offset notice and an opportunity for Plaintiff to be heard prior to certifying to the federal government the amount of offset, such as intercepting Plaintiff's $1,200 CARES Act payment, and U.S. passport denial/suspension pursuant to 42 U.S.C. § 652(k). Thus, based upon the Second Circuit's opinion in *Weinstein*, Florida's statutory framework assures that Plaintiff was afforded notice and an opportunity to be heard at a meaningful time, before CSEP certified arrears to the federal government and before any action was taken on Plaintiff's U.S. Passport.[17, 18] Fla. Admin. Code R. 12E-1.014; *Weinstein*, 261 F.3d at 135. Therefore, for the foregoing reasons, Plaintiff's purported claim of a violation of procedural due process must be dismissed with prejudice as a matter of law.

### C. Plaintiff's § 1983 Claim is Barred by the Statute of Limitations

Plaintiff's claim for violation of procedural due process pursuant to § 1983 based upon the suspension of Plaintiff's driver's license and passport was filed outside of the applicable three-year statute of limitations. *Lucente v. County of Suffolk*, 980 F.3d 284, 308 (2d Cir. 2020) (confirming three-year statute of limitations for § 1983 actions arising in New York).

Pursuant to the Complaint, Plaintiff alleges that "[i]n the state of New York Queens County on 6/2/2017 to current date, the Florida's Child Support Enforcement Program (IV-D Agency) directed by Ann Coffin, failed to protect my due process rights to contest or request a hearing prior to suspension of license and passport. (see Exhibit A)." ECF 1, § III, ¶ 1. Further pursuant to Exhibit A, Plaintiff's driver's license was suspended on June 2, 2017, for failure to

---

[17] In addition, the Complaint never alleges that Plaintiff did not receive the pre-offset notice. ECF 1.

[18] Even though Defendant and CSEP lack the statutory authority to suspend a driver's license of a delinquent child support payor from any state other than Florida, Florida's statutory framework pertaining to the suspension of a driver's license meets the requirements in *Weinstein*, since a pre-suspension notice is sent to the payor prior to suspending the payor's driver's license while the payor is also provided with an opportunity to be heard, by filing a petition in circuit court. Fla. Admin. Code R. 12E-1.023(4); § 61.13016(1), Fla. Stat.

pay child support.  Plaintiff filed this Complaint on August 4, 2020.  Thus, based upon the

express allegations in the Complaint, Plaintiff knew or should have known about the suspension

of his driver's license and passport and the resulting purported failure to protect his procedural

due process rights on June 2, 2017. *Cornwell v. Robinson*, 23 F. 3d 694, 703 (2d Cir. 1994) (a

claim accrues once the plaintiff knows or has reason to know of the injury which is the basis of

his action).  Therefore, Plaintiff's § 1983 claim related to the suspension of his driver's license

and passport on June 2, 2017, is beyond the three-year statute of limitations and is therefore

required to be dismissed with prejudice as a matter of law.

### VIII.   Improper Venue

Despite the Complaint's concession that Defendant is the Director of the *Florida* CSEP,

located in *Tallahassee, Florida*, Plaintiff filed this Complaint in the Eastern District of New

York, which is legally improper.[19] (emphasis added) ECF 1, §§ 1, 3, Ex. B, E.

Venue in civil actions is governed by 28 U.S.C. § 1391(b), which states in relevant part:[20]

> A civil action may be brought in--
> (1) a judicial district in which any defendant resides, if all defendants are residents
> of the State in which the district is located; [or]
> (2) a judicial district in which a substantial part of the events or omissions giving
> rise to the claim occurred,…; or
> …

In the Second Circuit, courts are uniform that the "residence" of a public employee is the

place where the public employee performs his or her official duties. *Canaday v. Koch*, 598 F.

Supp. 1139, 1143 (E.D.N.Y. 1984).  Pursuant to sections 20.21, and 409.2557, Florida Statutes,

the FDOR, which includes the child support enforcement program directed by Defendant, is a

---

[19] It is Plaintiff's burden to establish proper venue. *Gulf Ins. Co. v. Glasbrenner*, 417 F.3d 353, 355 (2d Cir. 2005).

[20] *Atlantic Marine Const. Co., Inc. v. U.S. Dist. Court for Western Dist. of Texas*, 571 U.S. 49, 50 (2013) (finding
that § 1391(b)(1) & (2) are the preferred judicial districts for venue in a typical case with (3) serving as a fallback).

*Florida* State government agency located exclusively in *Florida*, with its headquarters located in *Tallahassee, Florida*. (emphasis added).  Defendant performs her official duties at the FDOR's Tallahassee, Florida, headquarters, which is located in the Northern District of Florida.  Thus, Defendant resides, for purposes of § 1391(b)(1), exclusively in the Northern District of Florida.  Additionally, the Complaint fails to plead that a substantial part of the events giving rise to Plaintiff's claims occurred in any location other than Florida, much less the Eastern District of New York. ECF 1, §§ II and III, Ex. B, E.  Thus, since neither § 1391(b)(1) or (2) have been met, venue in the Eastern District of New York is improper as a matter of law. *Atlantic Marine Const. Co., Inc.*, 571 U.S. at 50, 57 (2013) (confirming that venue is improper if the requirements of § 1391(b) are not met and thus, the case must be dismissed or transferred).  Therefore, to the extent that the Complaint is not dismissed based upon grounds previously discussed in this Motion, Plaintiff's Complaint must be dismissed due to improper venue.[21]

## **CONCLUSION**

For the foregoing reasons, Plaintiff's Complaint must be dismissed with prejudice as a matter of law, and this Court should grant to Defendant such other and further relief as it deems just and appropriate.

---

[21] Any transfer under 28 U.S.C. § 1406(a) should be to the United States District Court, Northern District of Florida, Tallahassee Division.

Dated this 8th Day of June, 2022.

Respectfully submitted,

**ASHLEY MOODY**
**ATTORNEY GENERAL**
**OF THE STATE OF FLORIDA**

/s/ *William E. Chorba*
WILLIAM E. CHORBA
Senior Assistant Attorney General
Florida Bar Number 58370
William.Chorba@myfloridalegal.com

Office of the Attorney General
General Civil Litigation Division
State Programs Bureau
PL – 01 The Capitol
Tallahassee, Florida 32399-1050
(850) 414-3300
COUNSEL FOR DEFENDANT, ANN
COFFIN, SUED IN HER OFFICAL
CAPACITY AS THE FLORIDA CHILD
SUPPORT ENFORCEMENT PROGRAM
DIRECTOR

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of this document was electronically filed with the Court using CM/ECF on this 8th day of June, 2022. I further certify that a true and correct copy of this document was served on *Pro Se* Plaintiff, Charles Saldarriaga, at 1-20 Astoria Blvd., Apt. 4H, Astoria, NY 11102, via U.S. Mail as required by the applicable Rules, including Individual Practice Rules of Judge Rachel P. Kovner and Magistrate Judge James R. Cho, on this 8th day of June, 2022.

/s/ *William E. Chorba*

WILLIAM E. CHORBA