UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------------------------------- x
CHARLES SALDARRIAGA, :
:
                  Plaintiff, :
: **REPORT AND**
        -against- : **RECOMMENDATION**
:
ANN COFFIN, in her official Capacity as the Florida : No. 20-CV-3529-RPK-JRC
Child Support Enforcement Program Director, :
:
:
                  Defendant. :
                                                     x
----------------------------------------------------------------- 

JAMES R. CHO, United States Magistrate Judge:

       Plaintiff Charles Saldarriaga ("Plaintiff") commenced this action against Defendant Ann Coffin ("Coffin" or "Defendant") in her official capacity as the Florida Child Support Enforcement Program ("CSEP") Director. Plaintiff challenges the child support enforcement actions taken by CSEP related to alleged arrearages he owed. *See* Compl. (Dkt. 1) at ECF page 8.[1] Specifically, Plaintiff alleges that CSEP failed to protect his due process rights to contest or request a hearing prior to the suspension of his U.S. passport and New York driver's license. *See* Compl. at § III(1). Further, he claims that Defendant intercepted his Government stimulus check and failed to notify the New York Child Support Collection Unit regarding the amount intercepted. *See* Compl. at § III(4). He further alleges that the amount seized was not credited to his alleged arrears. *See id*.

       Plaintiff seeks monetary damages described as a "credit" and injunctive relief. Plaintiff requests that the Court: (1) suspend further enforcement actions taken by CSEP; (2) order CSEP

---

[1] References to the page numbers generated by the Court's electronic case filing system appear as "ECF page."

to restore his U.S. passport and New York driver's license until his case has been adjudicated in family court; and (3) direct CSEP to credit the alleged arrears balance from Plaintiff's seized stimulus check. *See* Compl. at § IV.

Defendant Coffin moves to dismiss Plaintiff's Complaint in its entirety pursuant to Rules 12(b)(1), 12(b)(2), 12(b)(3), and 12(b)(6) of the Federal Rules of Civil Procedure. *See generally* Mot. to Dismiss (Dkt. 20) and Mem. in Support of Def.'s Mot. to Dismiss Pl.'s Compl. ("Def. Mem.") (Dkt. 19). Plaintiff failed to oppose Defendant's motion.[2]

Currently pending before this Court, on referral from the Honorable Rachel P. Kovner, is Defendant's motion to dismiss. *See* Order Referring Motion dated October 7, 2022. As set forth below, this Court respectfully recommends granting Defendant's motion.

**Background**

On August 4, 2022, Plaintiff filed a Complaint alleging that "the Florida Child Support Enforcement Program (IV-D Agency) directed by Ann Coffin, failed to protect [his] due process rights to contest or request a hearing prior to suspension of [his] license and passport" and that "Defendant [] intercepted [his] government stimulus check [] and failed to notify (New York Child Support Collection Unit) regarding the amount ($1,200) intercepted." *See* Compl. at § III(1) and (4).

On June 8, 2022, Defendant moved to dismiss Plaintiff's Complaint based on the following: (1) Eleventh Amendment sovereign immunity; (2) lack of standing; (3) the *Rooker-Feldman* doctrine; (4) the *Younger* abstention doctrine; (5) lack of personal jurisdiction; (6) lack

---

[2] Plaintiff failed to oppose Defendant's motion and, in fact, has made it clear to the Court that he no longer wishes to pursue this action. *See* Dkt. entries dated November 29, 2022 and January 10, 2023. To date, however, Plaintiff has failed to take steps necessary to dismiss this action voluntarily.

of subject matter jurisdiction; (7) failure to state a claim; and (8) improper venue. *See generally* Def. Mem.  For the reasons set forth below, this Court respectfully recommends granting Defendant's motion to dismiss Plaintiff's Complaint in its entirety.

## Legal Standard

Rule 12(b)(1) of the Federal Rules of Civil Procedure permits a party to move to dismiss a complaint for "lack of subject-matter jurisdiction."  Fed. R. Civ. P. 12(b)(1).  "A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it."  *Rives v. SUNY Downstate Coll. of Med.*, No. 20-CV-621, 2022 WL 4646820, at *4 (E.D.N.Y. Sept. 30, 2022) (Kovner, J.) (citation omitted).  "When considering a motion to dismiss under Rule 12(b)(1), the court takes as true the factual allegations in the complaint but does not draw inferences favorable to the party asserting jurisdiction."  *Id*.

Rule 12(b)(6) of the Federal Rules of Civil Procedure directs a court to dismiss a complaint that "fail[s] to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  To survive a motion to dismiss, a complaint must "state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The facial "plausibility standard is not akin to a 'probability requirement,'" but it requires a plaintiff to allege sufficient facts to allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id*. (quoting *Twombly*, 550 U.S. at 557).  "A well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof [of the facts alleged] is improbable, and that a recovery is very remote and unlikely."  *Twombly*, 550 U.S. at 556 (quotations omitted).  Courts "liberally" construe complaints of *pro se* plaintiffs "however inartfully pleaded" and are "held to less

stringent standards than formal pleadings drafted by lawyers." *Rives*, 2022 WL 4646820, at *4 (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

## Discussion

### A. Plaintiff's claims are barred by the Eleventh Amendment

Plaintiff asserts claims against Coffin in her "official capacity." An action against an individual in her "official capacity" is essentially another way of asserting an action against the entity for which the officer is employed. *See Kentucky v. Graham*, 473 U.S. 159, 165 (1985). Here, Plaintiff's claims against Coffin in her official capacity are, in reality, claims against the Florida Department of Revenue ("FDOR"). *See Walker v. Coffin*, No: 3:20-CV-826-J-32PDB, 2020 WL 6276168, at *3 (M.D. Fla. 2020) (plaintiff's "claims against Director Coffin in her official capacity are claims against the Florida Department of Revenue.").[3]

State governments may not be sued in federal courts by private parties "unless they have waived their Eleventh Amendment immunity" or unless Congress has abrogated the states' immunity. *See Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009) (citations and internal quotation marks omitted); *see also Va. Off. for Prot. & Advoc. v. Stewart*, 563 U.S. 247, 253-54 (2011). The Eleventh Amendment bars the award of money damages against state officials in their official capacity and suits seeking injunctive relief. *See Ford v. Reynolds*, 316 F.3d 351, 355 (2d Cir. 2003); *Cory v. White*, 457 U.S. 85, 91 (1982) (holding that the Eleventh Amendment applies to a suit seeking an injunction). The Florida Department of Revenue has not

---

[3] Plaintiff names Coffin as a defendant in her official capacity as program director of the Florida Child Support Enforcement Program. This Court recognizes that CSEP is a component of the Florida Department of Revenue. *See, e.g., Timms v. Timms*, No. 3:21cv197/MCR/EMT, 2021 WL 3195484, at *1 n.1 (N.D. Fla. June 10, 2021) ("Although Plaintiff identifies 'Florida Child Support Enforcement Program' as a Defendant, the court notes that the Department of Revenue is Florida's designated child support agency.") (citation omitted).

waived sovereign immunity under the Eleventh Amendment. *See Brown v. Florida Dep't of Revenue Off. of Child Support Enf't*, 697 F. App'x 692, 693 (11th Cir. 2017) ("as a state agency, the [FDOR] is immune from suit under the Eleventh Amendment"); *see also Walker*, 2020 WL 6276168, at *3 ("The [FDOR], sued through Director Coffin in her official capacity, is entitled to sovereign immunity").

### 1. Plaintiff's Claims for Monetary Damages against Coffin in her Official Capacity Are Barred by Sovereign Immunity

Sovereign immunity bars Plaintiff's claims for monetary damages against Coffin in her official capacity. Sovereign immunity extends to "actions for the recovery of money from the state" against "state agents." *Rives*, 2022 WL 4646820, at *5 (citations omitted). A lawsuit brought against an official of a government entity in her official capacity is "in all respects other than name, to be treated as a suit against the entity." *Rives,* 2022 WL 4646820, at *5 (citations omitted). Since Coffin is sued in her official capacity as the Florida Child Support Enforcement Program Director, the agency to which she is appointed, in this case, the Florida Department of Revenue, is the real party in interest. *See Farid v. Smith*, 850 F.2d 917, 921 (2d Cir. 1988) ("The eleventh amendment also bars suits against state officials and state agencies if the state is the real party in interest, regardless of whether the state is named as a party to the action."). The Florida Department of Revenue is an arm of the Florida State Government with no legally cognizable separate existence and is, therefore, entitled to sovereign immunity under the Eleventh Amendment. *Id.*

Because Plaintiff seeks damages against Coffin in her official capacity as the Florida Child Support Enforcement Program Director, Plaintiff, in essence, seeks to "recover[] [] money from the state." *Leitner v. Westchester Cmty. Coll.*, 779 F.3d 130, 134 (2d Cir. 2015). Sovereign immunity bars these claims for monetary damages.

5

### 2. Plaintiff's Claims for Injunctive Relief against Coffin in her Official Capacity Cannot Proceed under any Exception to Sovereign Immunity

Plaintiff's claims for injunctive relief requires a different analysis to determine whether an exception to the Eleventh Amendment's sovereign immunity may apply. *See Rives*, 2022 WL 4646820, at *5. There are three exceptions to sovereign immunity: congressional abrogation, the *Ex parte Young* exception, and voluntary waiver. As discussed above, sovereign immunity applies because the FDOR is an arm of the Florida state government, and immunity has neither been voluntarily revoked or congressionally abrogated. *See Farid*, 850 F.2d at 921; *see also Baxter v. Adam*, 750 F. Supp. 2d 1313, 1338 (N.D. Fla. 2010) (Florida has not waived its Eleventh Amendment immunity or consented to be sued in federal court); *Feingold v. New York*, 366 F.3d 138, 149 (2d Cir. 2004) (unless a state consents, a section 1983 claim against a state is prohibited). Given that the congressional abrogation and voluntary waiver exceptions do not apply, Plaintiff's claims for injunctive relief may proceed only if the *Ex parte Young* exception applies. Based on the allegations set forth in the Complaint, this Court finds that the *Ex parte Young* exception does not apply here and that sovereign immunity precludes Plaintiff's claims for injunctive relief.

*Ex parte Young* allows a plaintiff to "avoid the Eleventh Amendment bar to suit and proceed against individual state officers, as opposed to the state, in their official capacities, provided that his complaint (a) 'alleges an ongoing violation of federal law' and (b) 'seeks relief properly characterized as prospective.'" *Rives,* 2022 WL 4646820, at *5 (quoting *In re Deposit Ins. Agency*, 482 F.3d 612, 618 (2d Cir. 2007)); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 106 (1984) (*Ex parte Young* requires plaintiffs to seek prospective relief). Courts define relief as prospective if it requires a state official to take a future action to prevent present and

6

future harm. *See Marino v. City Univ. of New York*, 18 F. Supp. 3d 320, 333 (E.D.N.Y. 2014).

Plaintiff raises three request for relief in his Complaint. *See generally* Compl. at § IV (Relief). However, Plaintiff's requests fail to satisfy the requirements set forth in *Ex parte Young*. Plaintiff first requests that the Court "suspend further enforcement actions taken by the [CSEP] directed by Ann Coffin." Compl. at § IV. With this request, Plaintiff fails to seek relief designed to prevent ongoing violations of federal law, since Plaintiff does not allege that the "enforcement action" taken by Defendant or CSEP was in violation of federal law. *See, e.g., Does v. Haas*, 427 F. Supp. 3d 336, 348 (E.D.N.Y. 2019) (the "Eleventh Amendment prevents federal courts from providing any relief that is not the type of remedy designed to prevent ongoing violations of federal law").

Plaintiff next requests that the Court "order the [CSEP] directed by Ann Coffin to lift or restore driver's license and passport until [Plaintiff's] case is heard in family court for due process." Compl. at § IV. Plaintiff's request fails to satisfy the requirements of *Ex parte Young* because he seeks relief in connection with Defendant's alleged past act of failing to protect Plaintiff's due process rights to challenge or request a hearing prior to the suspension of his U.S. passport and driver's license. *See, e.g., Does*, 427 F. Supp. 3d at 348 (citing *Clark v. Dinapoli*, 510 F. App'x 49, 51 (2d Cir. 2013)) (injunctive relief for due process violations did not implicate *Ex parte Young* where requested relief stemmed from past conduct with no threat of future violation; "if a complaint is based entirely upon past acts and does not allege continuing conduct that, if stopped, would provide a remedy to plaintiff, then it does not implicate *Ex parte Young*."); *id*. (request for injunctive and declaratory relief for due process violations did not fall within *Ex Parte Young* as plaintiff alleged injuries stemming only from past conduct with no threat of future violations).

7

Plaintiff's third request for relief seeks an order from the Court that "direct[s] [CSEP] to credit the alleged arrears balance from the stimulus check that was intercepted." Compl. at § IV. This request also fails to satisfy *Ex parte Young* because Plaintiff does not seek prospective injunctive relief; Plaintiff seeks monetary relief based on alleged past acts. *See, e.g., Does*, 427 F. Supp at 348; *Ford*, 316 F.3d at 354-55 (monetary damages against state officials in their official capacity barred by the Eleventh Amendment; monetary damages precludes injunctive relief); *Fishman v. Daines*, 743 F. Supp. 2d 127, 137 (E.D.N.Y. 2010) ("even when a complaint seeks declaratory or injunctive relief, the *Ex parte Young* doctrine will not apply if the effect of that relief would be equivalent to a money judgment against the state.").

Because Plaintiff's requests for relief fail to satisfy *Ex parte Young*, no exception to Eleventh Amendment immunity applies here. For these reasons, Plaintiff's claims against Coffin are barred by the Eleventh Amendment's doctrine of sovereign immunity.[4]

### B. Plaintiff's Claims Are Barred by the *Rooker-Feldman* Doctrine

In the alternative, Coffin seeks dismissal of this action under the *Rooker-Feldman* doctrine for lack of subject matter jurisdiction. Under the *Rooker-Feldman* doctrine, Courts "lack jurisdiction over suits that are, in substance, appeals from state-court judgments." *See Hoblock v. Albany Cnty. Bd. of Electors*, 422 F.3d 77, 84 (2d Cir. 2005). Specifically, the doctrine precludes jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Id.* at 85. The *Rooker-Feldman*

---

[4] The *Ex parte Young* "doctrine . . . does not apply to plaintiff's state-law claims." *Rives*, 2022 WL 4646820, at *6 (citing *Vega v. Semple*, 963 F.3d 259, 283 (2d Cir. 2020); *Pennhurst*, 465 U.S. at 106). To the extent Plaintiff seeks injunctive relief based on an alleged violation of state law, his claims also are barred by sovereign immunity.

doctrine applies when the following four requirements are satisfied:

> First, the federal-court plaintiff must have lost in state court. Second, the plaintiff must "complain[ ] of injuries caused by [a] state-court judgment[.]" Third, the plaintiff must "invit[e] district court review and rejection of [that] judgment[ ]." Fourth, the state-court judgment must have been "rendered before the district court proceedings commenced" -- *i.e.*, *Rooker-Feldman* has no application to federal-court suits proceeding in parallel with ongoing state-court litigation

*Id.*

The Second Circuit has "[a]cknowled[ed] that occasionally 'federal suits that purport to complain of injury by individuals in reality complain of injury by state-court judgments,'" and thus, "[the Second Circuit] developed the following formula to help guide [its] inquiry: 'a federal suit complains of injury from a state-court judgment, even if it appears to complain only of a third party's actions, when the third party's actions are produced by a state-court judgment and not simply ratified, acquiesced in, or left unpunished by it.'" *Sung Cho v. City of New York*, 910 F.3d 639, 646 (2d Cir. 2018) (quoting *Hoblock*, 422 F.3d at 88). "A plaintiff may not overcome the [*Rooker-Feldman*] doctrine and seek a reversal of a state court judgment simply by casting his complaint in the form of a civil rights action." *Rabinowitz v. New York*, 329 F. Supp. 2d 373, 376 (E.D.NY. 2004) (internal citations and quotations omitted).

Courts in this district have held repeatedly held that the *Rooker-Feldman* doctrine uniformly bars federal courts from reviewing challenges to the enforcement actions taken by third parties in child support cases, and this Court finds no reason to deviate from this well-established precedent. *See Cogswell v. Rodriguez*, 304 F. Supp. 2d 350, 355-56 (E.D.N.Y. 2004) (*Rooker-Feldman* bars plaintiff's complaint that she was denied due process because she was not provided notice that her vehicle would be seized due to her failure to pay child support); *Remy v. NYS Dep't of Tax'n and Fin.*, No. 09-CV-4444, 2010 WL 3926919, at *2-*3 (E.D.N.Y. Sept. 29, 2010) (*Rooker-Feldman* bars federal court consideration of plaintiff's claims where plaintiff

9

sought relief not only from the child support judgment as violative of his constitutional rights, but enforcement of the judgment); *Kneitel v. Palos*, No. 15-CV-2577, 2015 WL 3607570, at *7 (E.D.N.Y. June 8, 2015) (constitutional claims resulting from enforcement of child support order barred by the *Rooker-Feldman* doctrine); *see also Walker*, 2020 WL 6276168, at *2 (*Rooker-Feldman* doctrine precluded due process claim against Coffin for enforcing child support orders issued against plaintiff); *Brown*, 766 F. App'x at 931-32 (in action alleging constitutional violations, *Rooker-Feldman* doctrine barred claim against Coffin; plaintiff requested that the court stop child support enforcement actions where orders had been entered garnishing his tax return, and suspending his driver's license pursuant to child support order).

Here, this Court finds that the *Rooker-Feldman* doctrine applies and that this Court lacks jurisdiction over Plaintiff's action. First, Plaintiff was subject to at least one adverse state court ruling requiring him to pay child support. *See* Compl. at § III(3) (admitting that "[t]he current child support order is controlled by the tribunal in the State of New York which maintains jurisdiction"); *see also* Compl. Ex. C at ECF page 17 ("Petition for Violation of Support Order" issued against Plaintiff).

Second, Plaintiff complains of injuries caused by the state court judgment and, in particular, enforcement of the judgment. On November 16, 2016, the Family Court of the State of New York, County of Queens, ordered Plaintiff to pay the sum of $175 per week in child support. *See* Compl. Ex. C at ECF page 17. Plaintiff's allegations of Coffin's child support enforcement actions are the product of the child support order issued against Plaintiff by the state court. *See, e.g., Sung Cho*, 910 F.3d at 646. Specifically, in the Complaint, Plaintiff alleges that "(2) [a] letter was sent . . . to the Defendant . . . requesting for an administrative review to allow [him] to inspect agency records related to [his] child support case . . . and contesting

10

administrative enforcement. . . ." Compl. at § III(2).  Plaintiff alleges that "(3) Ann [Coffin] in her full official capacity directing the Child Support Enforcement Unit . . . . [i]nstead has continued enforcement actions. . . . The current child support order is controlled by the tribunal in the State of New York which maintains jurisdiction." Compl. at § III(3).  Plaintiff also alleges that "(4) [t]he Defendant has intercepted government stimulus check (see Exhibit E) and failed to notify (New York Child [S]upport Collection Unit) regarding the amount ($1,200) intercepted.  The intercepted amount ($1,200) was never credited to the alleged arrears. . . ." Compl. at ¶ III(4).

Third, Plaintiff requests that this Court review and reject the state court judgment and he further challenges Coffin's enforcement of the child support order.  Plaintiff contends Coffin violated his constitutional rights by suspending his driver's license and U.S. passport, and seizing his stimulus check.  Plaintiff asks the Court to "suspend" further enforcement actions taken by the Child Support Enforcement Program, directed by Coffin, to restore his U.S. passport and driver's license, and credit his alleged arrears balance based on funds seized.  *See* Compl. at § IV.  This Court lacks jurisdiction because the harm Plaintiff seeks to remedy stems from the enforcement actions taken as a result of the state court order.  *See, e.g., Brown*, 766 F. App'x at 931-32 (court lacks jurisdiction under the *Rooker-Feldman* doctrine where plaintiff challenged Coffin's child enforcement actions including suspension of driver's license, and garnishment of plaintiff's tax returns).  Plaintiff's Complaint makes clear he seeks review of Coffin's actions enforcing the child support order, and the relief Plaintiff seeks here are based on the enforcement of the child support order.

Finally, the state-court judgment cited in the Complaint was issued before this district court commenced proceedings.  The "Petition for Violation of Support Order" issued against

11

Plaintiff on November 16, 2016 – issued well over three and a half years prior to Plaintiff filing this Complaint -- required Plaintiff to pay $175 weekly in child support.  *See* Compl. Ex. C at ECF page 17.

For the reasons set forth above, Plaintiff's claims are barred under the *Rooker-Feldman* doctrine, and this Court respectfully recommends dismissal of this action for lack of subject matter jurisdiction.

*  *  *

Coffin sets forth additional reasons for dismissal.  In the interest of judicial economy, this Court does not address those additional reasons including the *Younger* abstention;[5] a statute-of-limitations bar for any claim that accrued three years before Plaintiff filed his Complaint;[6] and an inability to sue the Florida Department of Revenue through Coffin in her official capacity because a state agency is not a "person" under Section 1983.[7]  *See, e.g., Walker*, 2020 WL 6276168, at *3.

---

[5] The *Younger* abstention doctrine requires a federal district court to abstain from exercising jurisdiction in, *inter alia*, state court civil and administrative proceedings provided that there is a means to review constitutional claims.  *See Cecos Intern., Inc. v. Jorling*, 895 F.2d 66, 70 (2d Cir. 1990).

[6] Three-year statute of limitations applies to a Section 1983 claim.  *See Lucente v. Cnty. of Suffolk*, 980 F.3d 284, 308 (2d Cir. 2020) (three-year statute of limitations for Section 1983 actions arising in New York).

[7] A Section 1983 claim against a state official in her official capacity fails to state a claim upon which relief can be granted because "neither a state nor state official sued in [her] official capacity is a 'person' within the meaning of [Section] 1983."  *See Ying Jing Gan v. City of New York*, 996 F.2d 522, 536 (2d Cir. 1993) (citation omitted).

**Conclusion**

For the reasons set forth above, this Court respectfully recommends granting Defendant's motion to dismiss.[8] Any objections to the recommendations made in this Report must be filed with the Honorable Rachel P. Kovner within 14 days after the filing of this Report and Recommendation and, in any event, on or before **March 23, 2023**. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Failure to file timely objections may waive the right to appeal the District Court's order. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72; *Small v. Sec'y of Health & Human Servs*., 892 F.2d 15, 16 (2d Cir. 1989) (*per curiam*) (discussing waiver under the former ten-day limit).

---

[8] The Court may also exercise its "inherent power to dismiss [this] case with prejudice" in light of Plaintiff's failure to prosecute this action and repeated failure to comply with court orders pursuant to Federal Rule of Civil Procedure 41(b). *See Stanford v. R.C. Doliner, Inc*., No. 01-CV-1052, 2001 WL 1502554, at *1 (S.D.N.Y. Oct. 19, 2001); *see also Zappin v. Doyle,* 756 F. App'x 110, 112 (2d Cir. 2019) (setting forth factors for courts to consider when dismissing cases based on Rule 41(b)). First, Plaintiff disregarded orders to respond to Defendant's motion to dismiss. *See* Orders dated June 8, 2022, July 20, 2022 and August 3, 2022. Plaintiff further disregarded orders to participate in Court conferences, and only participated when contacted by the Court by telephone. *See* Dkt. entries dated November 2, November 29, December 22, 2022, January 10, 2023. Second, Plaintiff has been put on notice that failure to comply with Court orders could result in a dismissal of this action. *See, e.g.,* Dkt. entries dated August 3, November 2, November 29, December 22, 2022, January 10, January 24, and February 8, 2023. Third, any further delay would prejudice defendant. Fourth, the Court has a significant interest in managing its docket while giving Plaintiff an opportunity to have his day in court. The Court already has given Plaintiff multiple opportunities to respond to Defendant's motion, which Plaintiff ignored. Further, Plaintiff has repeatedly informed the Court that he seeks to dismiss this action voluntarily, but has failed to take any steps to effectuate the dismissal. *See, e.g*., Dkt. entries dated November 29, 2022, January 10, February 8, 2023. Finally, Plaintiff's repeated failure to comply with court orders warning him of the possibility of dismissal demonstrates that lesser sanctions would be ineffective. For these reasons alone, the Court could dismiss this action pursuant to Rule 41(b).

The Clerk's Office is directed to enter this Report and Recommendation into the ECF system and to serve a copy upon the *pro se* Plaintiff by first-class mail and FedEx.

**SO ORDERED**

Dated: Brooklyn, New York
March 9, 2023

s/ James R. Cho
James R. Cho
United States Magistrate Judge